IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE GRIMALDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4158-G-BN |
| | § | |
| AURORA LOAN SERVICES, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jorge Grimaldo, appearing *pro se* and *in forma pauperis*, has filed a civil complaint alleging that Defendants committed various acts of wrongdoing in connection with the foreclosure of his Mesquite, Texas home. For the reasons stated herein, the complaint should be dismissed without prejudice.

**Background**

On October 16, 2012, Plaintiff filed this *pro se* civil action seeking damages and injunctive relief against numerous named and unnamed defendants for wrongdoing in connection with the foreclosure of his home. *See* Dkt. No. 3. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 8. The Court then sent written interrogatories to Plaintiff on November 28, 2012 in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 9. Because Plaintiff had

-1-

raised similar allegations against many of the same parties in a notice of removal accompanying an action that he had removed from Texas state court, *see Aurora Loan Services v. Grimaldo, et al.*, No. 3:12-cv-3188-G, and because Plaintiff listed 21 "John Doe" defendants, this lawsuit cannot proceed until Plaintiff answers the Court's questionnaire.[1]

The Court warned Plaintiff that failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute[.]" *See* Dkt. No. 9 at 1. On December 26, 2012, Plaintiff sought an extension of time until January 25, 2013 to fully respond to the Court's questionnaire. *See* Dkt. No. 10. The Court granted Plaintiff's request, ordering that Plaintiff file a response by January 25, 2013. *See* Dkt. No. 11. The Court indicated that "[n]o further extensions will be granted absent exceptional circumstances." *Id.* However, Plaintiff did not file a response or any other pleading.

The Court then issued a January 30, 2013 order to show cause why Plaintiff failed to file a timely response to the Court's interrogatories. *See* Dkt. No. 12. The Court ordered Plaintiff to file a written response to the order and complete the November 28, 2012 interrogatories by February 13, 2013 and again warned Plaintiff that "this case may be dismissed for want of prosecution if he fails to comply[.]" *Id.* at 2. That order has also been also ignored.

---

[1] The undersigned has recommended that Plaintiff's other civil case, *Aurora Loan Servs. v. Grimaldo, et al.*, be remanded to County Court at Law No. 1, Dallas County, Texas. *See* No. 3:12-cv-3188-G-BN, Dkt. No. 10.

The Court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**Legal standards**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

**Analysis**

Plaintiff has not answered the Court's questionnaire, nor has he responded to the Court's order to show cause. Until he does so, this litigation cannot proceed. The Court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the defendants. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested.

Plaintiff was notified of these deficiencies on two separate occasions and warned that the failure to respond to the interrogatories or order to show cause would result

in the dismissal of his case. *See* Dkt. Nos. 9 & 12. Both orders have been ignored. Under these circumstances, dismissal is warranted. *See, e.g.*, *Coria-Bustos v. Davis*, No. 3:09-cv-2378-O, 2010 WL 1779399 (N.D. Tex. Apr. 2, 2010), *rec. adopted*, 2010 WL 1779396 (N.D. Tex. Apr. 28, 2010) (dismissing civil complaint without prejudice after plaintiff failed to comply with two court orders requiring him to respond to interrogatories); *Tanner v. Chevron*, No. 3:09-cv-2203-G, 2010 WL 727746 (N.D. Tex. Mar. 1, 2010) (same).

## Recommendation

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 27, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE